**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

H. THOMAS MORAN, II, and
JANE M. MORAN,

               Plaintiffs

v.                                    Case No. 10-cv-00393-HE

AVON CAPITAL, LLC, a Wyoming
Limited Liability Corporation,

               Defendant.

## DEFENDANT'S AMENDED ANSWER TO COMPLAINT

COMES NOW Defendant, Avon Capital, LLC, a Wyoming Limited Liability Corporation (hereinafter "Defendant"), and for its Amended Answer to Plaintiffs' Complaint states as follows:

## PARTIES AND JURISDICTION

1.     Responding to Paragraph 1 of Plaintiffs' Complaint, Defendant denies the basis for jurisdiction in this Court pursuant to 28 U.S.C. § 1338(a).

2.     Responding to Paragraph 2 of Plaintiffs' Complaint, Defendant is without sufficient information to either admit or deny whether Plaintiffs H. Thomas Moran, II and Jane M. Moran (referred to collectively as "the Morans") are each citizens and residents of the State of Oklahoma and therefore denies the same.

3.     Responding to Paragraph 3 of Plaintiffs' Complaint, Defendant admits Defendant Avon Capital, LLC ("Avon") is a Wyoming limited liability company. Based

on information and belief, the non-corporate members of Avon are citizens and residents of the State of Connecticut.

4.    Responding to Paragraph 4 of Plaintiffs' Complaint, Defendant denies that it engaged in unlawful conduct and therefore denies the amount in controversy.

5.    Responding to Paragraph 5 of Plaintiffs' Complaint, Defendant admits Plaintiffs purport to state a basis for venue, but denies any act or omission by which to establish venue in this Court, and therefore denies the allegations.

## GENERAL ALLEGATIONS

Defendant re-asserts Paragraphs 1-5 of its Answer as though fully set forth herein, and incorporates said Paragraphs by reference.

6.    Responding to Paragraph 6 of the Plaintiffs' Complaint, Defendant admits that on or about December 30, 2009, the Morans and Avon entered into a Membership Purchase Agreement (the "Agreement").

7.    Responding to Paragraph 7 of the Plaintiffs' Complaint, Defendant admits that it agreed to purchase the Morans' membership interests in SDM Holdings, LLC ("SDM"). Defendant denies the remaining allegations contained therein.

8.    Responding to Paragraph 8 of the Plaintiffs' Complaint, Defendant admits that the Morans executed assignments of membership interest. Defendant denies the remaining allegations contained therein.

9.    Responding to Paragraph 9 of the Plaintiffs' Complaint, Defendant admits the allegations contained therein.

10. Responding to Paragraph 10 of the Plaintiffs' Complaint, Defendant states that under the terms of the Agreement, if certain conditions were met and the Plaintiffs fulfilled its obligations as set forth in the Agreement, the Defendant would be required to make a second payment. Defendant denies the remaining allegations contained therein.

11. Responding to Paragraph 11 of the Plaintiffs' Complaint, Defendant denies the allegations contained therein.

12. Responding to Paragraph 12 of the Plaintiffs' Complaint, Defendant admits that the Agreement is as set forth in Paragraph 12. Defendant denies the remaining allegations contained therein.

## COUNT I – SPECIFIC PERFORMANCE

Defendant re-asserts Paragraphs 1-12 of its Answer as though fully set forth herein, and incorporates said Paragraphs by reference.

13. Responding to Paragraph 13 of Plaintiffs' Complaint, Defendant hereby denies the allegations contained therein.

14. Responding to Paragraph 14 of Plaintiffs' Complaint, Defendant admits that, subject to certain terms and conditions, the Agreement provided the Morans the right to repurchase certain membership interests in SDM. Defendant denies the remaining allegations contained therein.

15. Responding to Paragraph 15 of Plaintiffs' Complaint, Defendant denies that Plaintiffs have fulfilled all of their obligations under the Agreement. Defendant is without sufficient information to admit or deny the remaining allegations contained therein and therefore denies the same.

16.     Responding to Paragraph 16 of Plaintiffs' Complaint, Defendant admits that it is the legal owner of the Membership Interests.  Defendant denies the remaining allegations contained therein.

17.     Responding to Paragraph 17 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

18.     Responding to Paragraph 18 of Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to judgment against Defendant and denies that Plaintiffs are entitled to damages or relief as alleged by Plaintiffs.  Defendant denies the remaining allegations contained therein.

## COUNT II
## (IN THE ALTERNATIVE) BREACH OF CONTRACT

Defendant re-asserts Paragraphs 1-18 of its Answer as though fully set forth herein, and incorporates said Paragraphs by reference.

19.     Responding to Paragraph 19 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

20.     Responding to Paragraph 20 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

21.     Responding to Paragraph 21 of Plaintiffs' Complaint, Defendant denies engaging in any unlawful conduct, and denies that it caused any damage to Plaintiffs and therefore denies that Plaintiffs are entitled to the nature or the extent of relief requested. Defendant denies the remaining allegations contained therein.

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim for which relief can be granted.

2.     Plaintiffs' claims are barred in whole, or in part, by the applicable statute of limitations or other jurisdictional prerequisites.

3.     Plaintiffs' claims are barred in whole, or in part, due to failure of consideration.

4.     Plaintiffs' claims are barred in whole, or in part, because the conditions precedent to Defendant's obligations, if any, never occurred.

5.     Plaintiffs' claims are barred in whole, or in part, because Defendant fully performed its obligations, if it had any.

6.     Plaintiffs have an adequate remedy at law and are not entitled to specific performance.

7.     Plaintiffs have failed to mitigate their damages.

8.     Plaintiffs' claims are barred in whole, or in part, because the original Agreement between the parties cannot be enforced because the parties substituted a new and different Agreement for the original under the doctrine of novation.

9.     Defendant specifically reserves the right to amend this Answer to add or delete affirmative defenses as additional investigation, discovery or circumstances warrant.

4846-7107-9431.1/5

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

A.     For a final judgment in Defendant's favor which:  (i) dismisses with prejudice the claims asserted by Plaintiffs against Defendant in this case; (ii) declares Defendant to be the prevailing party on each dismissed claim; (iii) awards Defendant all damages entitled by law or contract; and (iv) liberally awards Defendant attorneys' fees and costs to the maximum extent allowed by law.

B.     For a final judgment which grants Defendant such other and further legal and equitable relief as may be just and proper under the circumstances.

Dated this 25th day of October, 2010.

Respectfully submitted,

**s/ Alan L. Rupe          10/25/10**
Alan L. Rupe
OBA Number: 20440
*Attorney for Defendant*
KUTAK ROCK LLP
1605 N. Waterfront Pkwy., Suite 150
Wichita, KS 67206
Telephone:  (316) 609.7900
Fax:  (316) 630.8021
alan.rupe@kutakrock.com

6305 Waterford Blvd., Suite 475
Oklahoma City, OK  73118-116
Telephone: (405) 842.2475
Fax:  (405) 842.5748

## DEMAND FOR TRIAL BY JURY

Defendant respectfully requests a trial by jury of all facts so triable in the Western District of Oklahoma.

Respectfully submitted,

**s/ Alan L. Rupe          10/25/10**
Alan L. Rupe
OBA Number: 20440
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Melvin R. McVay, Jr., OBA No. 06096
Shannon K. Emmons, OBA No. 14272
Catherine L. Campbell, OBA No. 14689
**PHILLIPS MURRAH P.C.**
Corporate Tower/Thirteenth Floor
101 North Robinson
Oklahoma City, OK  73102
Telephone:   (405) 235-4100
Facsimile:    (405) 235-4133
Email:mrmcvay@phillipsmurrah.com
    skemmons@phillipsmurrah.com
    clcampbell@phillipsmurrah.com

Attorneys for Plaintiffs

**s/ Alan L. Rupe          10/25/10**
Alan L. Rupe
OBA No. 20440
Attorney for Defendant